# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VICTORIA STROM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 7051 |
| | ) |
| STROM CLOSURES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Victoria Strom's ("Strom") partial motion for summary judgment and on Defendants' motion for summary judgment. For the reasons stated below, we grant Defendants' motion for summary judgment and we deny Strom's partial motion for summary judgment.

## BACKGROUND

Strom alleges that she was employed by Defendant Strom Closures, Inc. ("SCI"). Defendants Terry Barnett and David Barnett are allegedly principal officers of SCI and are involved in the day-to-day operations of SCI. Strom contends that SCI failed to pay her minimum wages for the hours that she worked. Strom includes in her complaint a claim alleging violations of 29 U.S.C. § 206 of the Fair Labor

1

Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count I), a claim alleging a violation of 820 ILCS 105/4 of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* (Count II), and a claim alleging a violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.* (Count III).

Defendants also filed amended counterclaims in this case. Defendants include in their amended counterclaims a breach of contract claim (Count I), a conversion claim (Count II), an interference with contractual relations claim (Count III), an intentional interference with prospective economic advantage claim (Count IV), an unfair competition claim (Count V), a deceptive business practices claim (Count VI), and a patent infringement claim (Count VII). On February 20, 2008, we granted Strom's motion to dismiss the counterclaims. We also granted Strom's motion to strike all of Defendants' affirmative defenses. Strom now moves for summary judgment as to liability on all claims, and for damages on the IWPCA claims. Defendants move for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th

Cir. 2000). When there are cross motions for summary judgment, the court should "construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.,* 400 F.3d 523, 526-27 (7th Cir. 2005).

## DISCUSSION

Defendants argue that Strom cannot prevail on the FLSA claims and that the court should dismiss the remaining state claims. Strom contends that she is entitled to summary judgment on all claims as to liability and on the IWPCA claim as to damages.

I. Defendants' Statement of Material Facts

Both Strom and Defendants filed statements of material facts along with their motions for summary judgment. While Defendants filed a response to Strom's statement of material facts, Strom failed to file any response to Defendants' statement of material facts. Defendants also indicate in their reply brief that Strom has not responded to their statement of material facts and Defendants seek to have all the facts in their statement of material facts to be deemed undisputed. (Reply DSJ 1). If a non-movant fails to properly respond to the movant's statement of material facts,

4

the facts are deemed to be undisputed. LR 56.1; *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003). The Seventh Circuit has stated that a court is not "obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920, 922 (7th Cir. 1994). Strom had an opportunity to respond to Defendants' statement of material facts and did not respond. Therefore, pursuant to Local Rule 56.1, the facts included in Defendants' statement of material facts are deemed to be undisputed. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008)(stating that a "district court has broad discretion to require strict compliance with Local Rule 56.1"); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006)(stating that "district courts are entitled to expect strict compliance with Local Rule 56.1").

II. FLSA Claims (Count I)

Defendants argue that Strom cannot be deemed an employee under the FLSA and that Strom was at most an independent contractor. Pursuant to the FLSA, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in

5

an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than– (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day. . . ." 29 U.S.C. § 206(a). An "employee" is defined by the FLSA as "any individual employed by an employer," and the term "employer" is defined under the FLSA to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d); § 203(e).

Defendants argue that in determining whether Strom was an employee of SCI, this court should apply the strict control test as is applied in *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435 (7th Cir. 1996). (D Mot. 7). However, in *Ost*, the Seventh Circuit was addressing whether the plaintiff was an employee under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* 88 F.3d at 437-38. The Seventh Circuit has recognized that the definition of an "employee" for Title VII purposes is not the same definition for FLSA purposes and that "the definition of 'employee' is given a broader interpretation under the FLSA

6

than under Title VII." *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991); *see also Reyes v. Remington Hybrid Seed Co., Inc.*, 495 F.3d 403, 408 (7th Cir. 2007)(quoting *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 326 (1992) for the proposition that the FLSA "'stretches the meaning of 'employee' to cover some parties who might not qualify as such under . . . traditional agency law principles'"); *Secretary of Labor, U.S. Dept. of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987)(stating that "[c]ourts . . . have not considered the common law concepts of 'employee' and 'independent contractor' to define the limits of the [FLSA's] coverage"). Thus, the strict control test employed in *Ost* for Title VII claims is not applicable in the instant action.

To determine whether an individual is an employee under the FLSA, the court must apply the economic realities test. *Knight*, 950 F.2d at 380 (citing *E.E.O.C. v. Zippo Mfg. Co.*, 713 F.2d 32, 37-38 (3rd Cir. 1983)); *see also Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 301 (1985)(stating that "[t]he test of employment under the [FLSA] is one of 'economic reality'")(quoting in part *Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28, 33 (1961)). Under the economic realities test, a court looks past the "technical concepts" of employment and must determine if the "economic reality" is such that the individual should be deemed an employee under the FLSA. *Goldberg*, 366 U.S. at 33. To assess the

"economic reality of the nature of the working relationship, courts do not look to a particular isolated factor but to all the circumstances of the work activity." *Lauritzen*, 835 F.2d at 1534. The court can consider the following non-exclusive list of factors in assessing the economic reality: (1) "the nature and degree of the alleged employer's control as to the manner in which the work is to be performed," (2) "the alleged employee's opportunity for profit or loss depending upon his managerial skill," (3) "the alleged employee's investment in equipment or materials required for his task, or his employment of workers," (4) "whether the service rendered requires a special skill," (5) "the degree of permanency and duration of the working relationship," and (6) "the extent to which the service rendered is an integral part of the alleged employer's business." *Id.*

Strom contends that the FLSA defines the term "employ" to include "to suffer or permit to work." 29 U.S.C. § 203(g). Strom contends that SCI permitted her to perform work for SCI. The parties agree that during the relevant period, Strom communicated "with manufacturers of SCI's ProZip PZ to make sure the product was shipped out to fill purchase orders of SCI customers which had been placed with [Strom] in her Illinois home via facsimile and telephone." (R PSF Par. 11). Strom also claims that she "made cold calls and sold the ProZip product to new customers, including RamCo, among others, after SCI took control of the product." (PSF Par. 12).

### A. Control Over Manner of Work

Defendants contend that they did not control the manner of Strom's work. For the control factor, the court should consider whether the employer had "the right to dictate the manner in which the" individual performed her job. *Lauritzen*, 835 F.2d at 1536 (quoting *Donovan v. Brandel*, 736 F.2d 1114, 1119 (6th Cir. 1984)). Strom admits that the work that she allegedly performed during the relevant period was performed at home. (SF Par. 10-12); (Ans. DSJ 7). Thus, the manner of Strom's work was not controlled by supervisors at a SCI facility. Strom also concedes that she controlled her hours of work. (Ans. DSJ 7). Strom argues that although her actual work was not supervised, she was subject to control for the "overall operation" of her duties. (Ans. DSJ 7). However, such an argument only emphasizes the fact that SCI's connection to Strom's work was detached and that Strom was working independently. It is undisputed, pursuant to Local Rule 56.1: (1) that Strom never worked in a SCI office, (2) that she "independently maintained her own office located off her bedroom at her home in Mundelein Illinois," and (3) that she "maintained her own fax machine and computer. . . ." (DSF Par. 15-17). Strom also admitted at her deposition that she was never told what hours she should work nor how long she should take for lunch. (Strom Dep. 54-55).

Strom also argues that Defendants controlled the manufacturing process of SCI products. However, although the sales were ultimately indirectly related to the manufacturing process, Strom concedes that "she exercised some independence . . . when she sold the product and [in] how she found customers. . . ." (Mem. PSJ 10). Strom also contends herself that she was doing more than merely servicing existing SCI customers that were controlled by SCI. Strom claims that she was independently making "cold calls" to new customers for SCI during the relevant period. (PSF Par. 12). Strom also acknowledges that she merely made phone calls for SCI and that she was not actually visiting SCI customers as an SCI representative. (PSF Par. 25).

We recognize that the question whether an employee works at home or at the employer's facility is not dispositive in regard to the control factor and that the FLSA protections can extend to "homeworkers." *Goldberg*, 366 U.S. at 31. However, in the instant action, there was a real absence of control even in regard to the overall performance of Strom. Strom agreed at her deposition that she never had to ask for days off and that when it came to her work she was "pretty much free to come and go as [she] pleased." (Strom Dep. 57). Although Strom argues that there was some overall general control exercised by SCI, no reasonable trier of fact could conclude that it was anything other than an incidental amount of control, particularly in light of the admitted fact that she "was free to come and go as she pleased, because Strom

Closures never set her work hours." (DSF Par. 32). Thus, no reasonable trier of fact could conclude other than that the control factor weighs in favor of Defendants.

### B. Opportunity for Loss or Profit

Strom argues in her response to Defendants' motion for summary judgment that the "only opportunity [Strom] had for profit based on the sale of the ProZip product was her weekly salary from SCI." (Ans. DSJ 7). Strom contends that the amount she "could earn on commissions was limited to a small percentage of profit SCI would realize from increased sales." (Ans. DSJ 7). Defendants contend that Strom in fact had an "immense" opportunity to earn amounts based on commissions. (Reply DSJ 7). It is undisputed, pursuant to Local Rule 56.1, that the parties agreed that Strom would be paid a weekly salary or a commission, "whichever is greater. . . ." (DSF Par. 36). The agreement thus contemplated that the commissions could be greater than the weekly salary and thus the undisputed facts indicate that Strom did have the opportunity to increase her earnings based on commissions. It is undisputed that Strom supplied much of the materials and the equipment for her work. (DSF Par. 16-21). Her outlay for such supplies and equipment and the expenditure of her time in work represented a potential for a loss to her, even if she received her base salary. Both parties had an incentive in their business relationship.

Thus, no reasonable trier of fact could conclude other than the opportunity for loss or profit factor weighs in favor of Defendants.

### C. Investment in Equipment or Materials or Hiring of Others

Strom does not contend that she hired any other employees to assist her in her work. Strom does argue in her response to Defendants' motion for summary judgment that "Defendants either paid the costs of necessary equipment (the phone line and fax line) or reimbursed [Strom] for her expenses (office supplies)." (Ans. DSJ 8). Defendants also acknowledge that they paid certain mailing expenses. However, it is undisputed, pursuant to Local Rule 56.1: (1) that "Strom independently maintained her own office" at her home, (2) that Strom "maintained her own fax machine and computer and there is no evidence that [D]efendants supplied any of her equipment," and (3) that Defendants did not pay any of the utilities or rent for an office for Strom. (DSF Par. 16-21). Strom has not shown that her expenses for her phone bills, mailing expenses, and office supplies were of any significance in the operation of her home office. No reasonable trier of fact could conclude that SCI made any significant contribution for her equipment or materials for her work. The undisputed evidence shows that Strom undertook the expenses to run her home office and provided her own equipment. Strom's situation is more

analogous to an independent contractor than an employee. Thus, no reasonable trier of fact could conclude other than that the investment in equipment or materials weighs in favor of Defendants.

### D. Requirement of Special Skill

Strom argues that her skills were no different than any other sales representative at SCI. However, Strom contends in her statement of material facts that she was engaging in specialized work for SCI. (PSF Par. 9-12). Also, although Strom states in her response to Defendants' motion for summary judgment that her skills mirrored other sales representatives at SCI, Strom fails to cite to any evidence to support her conclusion. (Ans. DSJ 8). Also, it is undisputed that Strom's role was a special and unique role in that she was supposed to "facilitate a smooth and orderly transition of the business from C&S Manufacturing to SCI." (DSF Par. 6). Thus, no reasonable trier of fact could conclude other than that the requirement of skill factor does not favor either side.

### E. Degree of Permanency and Duration of Relationship

Strom argues vaguely that her "employment with [SCI] was sufficiently permanent to support a finding that she was an employee." (Ans. DSJ 8). Strom

points out that there was no prohibition on employing her indefinitely. (Ans. DSJ 8). That does not mean, however, that she had a permanent relationship with SCI. Strom has not pointed to evidence that shows that SCI was prohibited from terminating the relationship with Strom at a given moment. It is undisputed, pursuant to Local Rule 56.1 that the parties had agreed only on Strom working for six months. (DSF Par. 36). Also, it is undisputed that Strom's role was to "facilitate a smooth and orderly transition of the business from C&S Manufacturing to SCI." (DSF Par. 6). Strom has not pointed to evidence that shows that the parties contemplated her working after the transition. Thus, no reasonable trier of fact could conclude other than that the permanency and duration factor weighs in favor of Defendants.

F. Integral Part of Business

Strom contends that her services "were integral to the business of SCI which was to sell zipper products." (Ans. DSJ 6). While the undisputed facts show that Strom's calls from her home office may have contributed to additional sale of SCI products, the undisputed evidence indicates that her services were not an integral part of SCI's business. The undisputed facts concerning Strom's ability to dictate her own work schedule clearly illustrates that point. No reasonable trier of fact could conclude on one hand that Strom provided key services to SCI, that were integral to

14

SCI's operations, and that, on the other hand, SCI allowed her to work whenever she felt like it. Strom has not pointed to sufficient evidence that indicates her services were an integral part of SCI's business. It is also undisputed, pursuant to Local Rule 56.1, that Strom's role was simply to facilitate the business transition process. (DSF Par. 6). Thus, no reasonable trier of fact could conclude other than that the integral services factor weighs in favor of Defendants.

Based upon the above, and a consideration of the record in its entirety, we conclude that no reasonable trier of fact could find that Strom was an employee as defined under the FLSA, and thus a reasonable trier of fact could not find in favor of Strom on the FLSA claims. We recognize that an "employee" under the FLSA is given an expansive meaning to provide the necessary protections to individuals in need. However, the undisputed evidence is such that no reasonable trier of fact could find for Strom. Making some phone calls at her leisure to assist in the transition of a business is not enough to make Strom an employee. Therefore, we grant Defendants' motion for summary judgment on the FLSA claims (Count I) and we deny Strom's partial motion for summary judgment on the FLSA claims (Count I).

III. Remaining State Law Claims (Counts II-III)

Since the only remaining claims in this action are state law claims, we must

determine whether we will retain jurisdiction over the remaining claims. Strom alleges in the complaint that the court has supplemental jurisdiction over the state law claims. (Compl. Par. 14). Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has stated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction" and that a court should retain jurisdiction where a statute of limitations would bar future suits, where "substantial federal judicial resources have already been expended on the resolution of the supplemental claims," and "where it is obvious how the claims should be decided." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, In exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). We have considered all of the pertinent factors and, as a matter of discretion, we decline to exercise supplemental jurisdiction over the remaining state law claims. Therefore, we dismiss the remaining state law claims (Counts II-III) without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion for summary judgment on the FLSA claims (Count I) and we deny Strom's motion for summary judgment. We also dismiss the remaining state claims (Counts II-III) without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 7, 2008